OPINION
Defendant-appellant J. Michael Sleeper appeals his conviction and sentence entered by the Knox County Court of Common Pleas on one count of possession of drugs, in violation of R.C. 2925.11(A), following appellant's entering a no contest plea to the charge and the trial court's finding appellant guilty. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 2, 2000, the Knox County Grand Jury indicted appellant on one count of possession of drugs, to wit: methylphenidate[1], in violation of R.C. 2925.11(A). Appellant entered a plea of not guilty to the charge at his arraignment on May 12, 2000. The trial court scheduled the matter for jury trial on August 15, 2000.
On August 2, 2000, appellant filed a Motion to Continue the Trial and for Leave to File a Motion to Suppress. Via Entry filed August 4, 2000, the trial court granted appellant seven days from the date of the entry in which to file his motion to suppress. The trial court also continued the jury trial until September 12, 2000. Appellant subsequently filed his motion to suppress, seeking to suppress the results of the pat-down search because such search was not warranted under the facts of the case. The trial court conducted an evidentiary hearing on the motion on August 25, 2000.
At the hearing, Trooper Kenneth M. Featherling of the Ohio State Patrol testified he was on routine patrol during the early morning hours of January 25, 2000, when he observed a vehicle with only one headlight illuminated traveling toward him on County Road 80 in Knox County, Ohio. Appellant was ultimately identified as the driver of the vehicle. As the two vehicles passed, Trooper Featherling slowed his cruiser in order to see if appellant was wearing a seatbelt. Trooper Featherling recognized appellant from a stop he had initiated one week earlier. Thereafter, the trooper activated his red and blue lights and made a pursuit turn. According to the trooper, appellant accelerated noticeably down County Route 80.
Trooper Featherling accelerated and pursued appellant, who had driven into a trailer park. Appellant quickly exited his vehicle and proceeded toward a residence in a dark area of the trailer park. The trooper had the cruiser headlights, wig lights, red and blue lights, and spot lights on, however, the lights were insufficient to illuminate the area toward which appellant headed. During the suppression hearing, the trooper testified the area "is a problem area known by the number of police calls, the number of arrests that are made in that area." Tr. at 16. Trooper Featherling believed appellant was either trying to get away from him (the trooper) into a darker area or trying to lure him (the trooper) into a darker area. Trooper Featherling ordered appellant to stop and return to his vehicle. As he walked towards the trooper, appellant acted suspicious and sounded nervous. Trooper Featherling conducted a pat-down search of appellant for weapons, during which the trooper discovered a baggy of a substance which he believed was marijuana and seven pills, later identified as methylphenidate. Appellant admitted to the trooper the substance was "weed."
Trooper Featherling was the only witness to testify. At the conclusion of the evidence, the trial court overruled appellant's motion to suppress. The trial court memorialized its ruling via Order filed September 5, 2000. On November 9, 2000, appellant appeared before the trial court and entered a plea of no contest to the charge. The trial court conducted a Crim. R. 11 colloquy with appellant and, thereafter, found appellant guilty of the possession charge. Appellant's convictions were memorialized via Journal Entry filed December 5, 2000. The trial court order a pre-sentence investigation and scheduled a sentencing hearing for January 5, 2001. On that day, the trial court sentenced appellant to three years of community control with conditions. Appellant's sentence was memorialized via Sentencing Entry filed January 8, 2001.
It is from this conviction and sentence appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT A PROTECTIVE PAT-DOWN SEARCH FOR WEAPONS WAS LAWFUL AND IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE FOUND DURING THE PROTECTIVE SEARCH.
 I
In his sole assignment of error, appellant maintains the trial court erred in finding Trooper Featherling's protective pat-down search of appellant for weapons was lawful and in overruling appellant's motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and Statev. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Herein, appellant challenges the trial court's finding the protective pat-down search was constitutionally permissible. In support of his argument, appellant contends the evidence submitted at the suppression hearing did not justify a protective search for weapons.
In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held a limited pat down search is justified when an officer reasonably concludes the individual, whose suspicious behavior he is investigating at close range, may be armed and, thus, dangerous to the police officer and others. Id. at 24. Officers need not forsake reasonable precautionary measures during the performance of their duties. State v. Evans (1993), 67 Ohio St.3d 405, 409. The question we must ask is whether the officer had a reasonable, objective basis for frisking appellant. See, State v. Andrews (1991), 57 Ohio St.3d 86.
In determining whether an officer's beliefs are reasonable, a court must consider the totality of the circumstances involved in the stop.State v. Bobo (1988), 37 Ohio St.3d 177, 180. An officer need not testify he was actually in fear of a suspect, but he must articulate a set of particular facts which would lead a reasonable person to conclude a suspect may be armed and dangerous. Evans, supra, at 413. Rather, "[e]vidence that the officer was aware of sufficient specific facts as would suggest he was in danger" satisfies the test set forth in Terry,supra. Id.
The evidence adduced at the suppression hearing revealed Trooper Featherling was the only officer on duty that evening in the area and in Knox County. The area in which the stop occurred is a problem area known for numerous police calls and arrests. The area was dark and secluded. Trooper Featherling had all of his cruiser lights illuminated, but the lighting was still inadequate. Additionally, appellant exited his vehicle and quickly moved toward a dark area which the trooper's lights could not reach. Appellant returned to where Trooper Featherling stood, looking suspicious and sounding nervous.
Based upon the totality of the circumstances, we find a reasonable and prudent police officer would have conducted a protective search for weapons. Accordingly, we find the trial court did not err in overruling appellant's motion to suppress.
Appellant's sole assignment of error is overruled.
The judgment of the Knox County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, P.J.
Farmer, J. and Boggins, J. concur
[1] More commonly known as Ritalin, which is the brand name.